# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

VICKIE WAYMACK, INDIVIDUALLY AND                    PLAINTIFF
AS THE ADMINISTRATOR OF THE ESTATE OF
SAMUEL TUCKER, DECEASED

v.                    Case No. 4:22cv1095-DPM

PRAIRIE SNF OPERATIONS, LLC;
AND JOHN AND JANE DOES 1-20                    DEFENDANTS

### NOTICE OF REMOVAL

Defendant, Prairie SNF Operations, LLC ("Defendant"), by and through its

attorneys, Kutak Rock LLP, for its Notice of Removal of this action from the Circuit Court

of Prairie County, Arkansas, to the U.S. District Court for the Eastern District of Arkansas

under 28 U.S.C. §§ 1332(a), 1441, and 1446, state:

1.    Plaintiff, Vicki Waymack, individually and as the Administrator of the

Estate of Samuel Tucker Deceased ("Plaintiff"), filed her Complaint in the Circuit Court

of Prairie County, Arkansas on September 2, 2022, initiating this action.

2.    This action is pending in the Circuit Court of Prairie County, Arkansas, and

is captioned *Vicki Waymack, individually and as the Administrator of the Estate of Samuel

Tucker Deceased v. Prairie SNF Operations, LLC; and John and Jane Does 1-20*, Case Number

59NCV-22-31.

3.    This notice of removal is timely under 28 U.S.C. § 1446(b).

**RECEIVED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2022

TAMMY H. DOWNS

By:_____
                    DEP CLERK

This case assigned to District Judge Marshall
and to Magistrate Judge Kay

1

4.      Defendant has not yet filed a response to the Complaint. Defendant reserves the right to object to any defects as to personal jurisdiction, service of process, sufficiency of process, and any other defense available under Fed. R. Civ. P. 12.

5.      By removing this case to this Court, Defendant does not waive the right to enforce any arbitration agreement that exist between the parties.

### Parties

6.      The Plaintiff is a citizen of the State of Arkansas. (Complaint ¶ 1); 28 U.S.C. § 1332(c)(2).

7.      Defendant, Prairie SNF Operations, LLC, is a limited liability company and citizen of Louisiana. *See E3 Biofuels, LLC v. Biothane, LLC,* 781 F.3d 972 (8th Cir. 2015) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members"); *see also Barclay Square Properties v. Midwest Fed. Sav. and Loan Ass'n of Minneapolis,* 893 F. 2d 968, 969 (8th Cir. 1990) ("When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists."). Prairie SNF Operations, LLC's sole member is 4PT1 Ops Holding, LP. The partners of 4PT1 Ops Holding, LP are AlexArk1, LLC (general partner) and JEJ Assets, LP (limited partner). AlexArk1, LLC's sole member is John Ponthie, a citizen of Louisiana. The partners of JEJ Assets, LP are John Ponthie (limited partner), a citizen of Louisiana; Sharlot Ponthie (limited partner), a citizen of Louisiana; and JEJ Management, LLC (general partner). JEJ management, LLC's sole member is John Ponthie, a citizen of Louisiana.

2

8.       Both the Plaintiff and Defendant were citizens of these states at the time the Complaint was filed and at the time of the filing of this Notice of Removal.

## Original Jurisdiction under 28 U.S.C. § 1332(a)

9.       Defendants remove this action under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the Plaintiff and Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs. (Compl. ¶¶ 29, 38, and 47).

10.       This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

## The Procedural Requisites to Removal are Satisfied

11.       This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

12.       Copies of all process, pleadings, and orders filed in this action in the Circuit Court of Prairie County, Arkansas, along with a true and correct copy of the docket sheet from the state court, are attached to this notice of removal as Exhibit A.

13.       Notice of the filing of this Notice of Removal has been given to all parties and will be filed forthwith in the Circuit Court of Prairie County, Arkansas.

14.       All procedural requisites to removal have been met.  Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

WHEREFORE, Defendant, The Waters of Fort Smith, LLC, hereby gives notice of the removal of this action to this Court and respectfully request all just and proper relief.

Respectfully submitted,

**KUTAK ROCK LLP**

By: _____

Mark W. Dossett, AR 95174
Jeff Fletcher, AR 2005129
Zach A. Musgraves, AR 2018201
Caleb S. Sugg, AR 2020069
234 East Millsap Road, Suite 200
Fayetteville, AR 72703-4099
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
Mark.Dossett@KutakRock.com
Jeffrey.Fletcher@KutakRock.com
Zach.Musgraves@KutakRock.com
Caleb.Sugg@KutakRock.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, I served this Notice of Removal by emailing it to:

Harrison Kemp
MANN & KEMP, PLLC
221 2nd Street, Suite 408
Little Rock, AR 72201
harrison@mannkemp.com

Thomas L. Barron
Bear State Law, PLLC
1012 W. 2nd Street
Little Rock, AR 72201
tom@bearstatelaw.com

_____
Caleb S. Sugg

4

## Report Selection Criteria

**Case ID:**          59NCV-22-31
**Citation No:**
**Docket Start Date:**
**Docket Ending Date:**

## Case Description

**Case ID:**     59NCV-22-31 - VICKIE WAYMACK VS PRAIRIE SNF OPERATIONS, LLC, ET
**Filing Date:** Friday , September 02nd, 2022
**Court:**       59 - PRAIRIE
**Location:**    ZO - DES ARC DISTRICT
**Type:**        OD - TORT-OTHER
**Status:**      OPEN - CASE OPEN
**Images:**

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | End Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | JUDGE | 7965446 | **17TH CIRCUIT DIVISION 1** |
| | | | | **Aliases:** | BROCK |
| | | | | | |
| 3 | | | DEFENDANT | 17751772 | **PRAIRIE SNF OPERATIONS LLC** |
| | | | | **Aliases:** | *none* |
| | | | | | |
| 2 | | | PLAINTIFF | 17751770 | **WAYMACK, VICKIE** |
| | | | | **Aliases:** | *none* |
| | | | | | |
| 4 | | | PLAINTIFF/PETITIONER ATTORNEY | 14798017 | **KEMP, HARRISON** |
| | | | | **Aliases:** | *none* |

**EXHIBIT**

**A**

## Violations

## Sentence

No Sentence Info Found.

## Milestone Tracks

*No Milestone Tracks found.*

## Docket Entries

| Filing Date | Description | Name | Monetary |
|---|---|---|---|
| 09/02/2022 04:18 PM | AOC COVERSHEET CIVIL | | |
| **Entry:** | *none.* | | |
| **Images** | No Images | | |
| | | | |
| 09/02/2022 04:18 PM | COMPLAINT/PETITION FILED | | |
| **Entry:** | *none.* | | |
| **Images** | COMPLAINT | | |
| | | | |
| 09/02/2022 04:18 PM | MOF ORIGINAL | | |
| **Entry:** | *none.* | | |
| **Images** | No Images | | |
| | | | |
| 09/02/2022 04:27 PM | SUMMONS - SHERIFF | | |
| **Entry:** | *none.* | | |
| **Images** | SUMMONS | | |

8:00 FILED M. O'CLOCK

SEP 0 2 2022

GAYLON HALE
CIRCUIT AND COUNTY CLERK
PRAIRIE CO., NO. DISTRICT
J Gaylon Hale

## CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS
## _____ DIVISION

VICKIE WAYMACK, INDIVIDUALLY AND
AS THE ADMINISTRATOR
OF THE ESTATE OF SAMUEL TUCKER,
DECEASED                                                    **PLAINTIFF**

v.                                CIVIL CASE NO. 59ncV-22-31

PRAIRIE SNF OPERATIONS, LLC; and
JOHN AND JANE DOES 1-20                           **DEFENDANTS**

## COMPLAINT

VICKIE WAYMACK, as administrator of the estate of Samuel Tucker,

Deceased, and on behalf of all wrongful death beneficiaries, for her complaint,

states:

## PARTIES AND JURISDICTION

1.     Plaintiff Vickie Waymack is an individual residing in White

County, Arkansas, and is the Administrator of the Estate of Samuel Tucker,

1

deceased, by virtue of the order appointing administrator entered by the White County Circuit Court – Probate Division, in Case No. 73PR-22-112 on April 20, 2022. A true and correct copy of the order is attached and incorporated in this complaint as **Exhibit 1**. She brings this claim on behalf of the Estate of Samuel Tucker, deceased, pursuant to Arkansas Survival of Actions ARK. CODE ANN. § 16-62-101 and on behalf of the wrongful death beneficiaries of Samuel Tucker pursuant to the Arkansas Wrongful Death Act ARK. CODE ANN. § 16-62-102. Plaintiff brings this action against Defendants claiming damages on behalf of Samuel Tucker, and the wrongful death beneficiaries arising out of care and treatment of Samuel Tucker, by Defendants that occurred at Des Arc Nursing and Rehabilitation Center and resulted in his death.

2.      Vickie Waymack is Samuel Tucker's daughter.

3.      At times during his residency, Samuel Tucker lacked sufficient understanding or capacity to make or communicate decisions to meet the essential requirements for his health and safety, and he was incapable of conducting or managing his personal and business affairs. Samuel Tucker was an incapacitated and/or disabled person under A.C.A. §28-65-101 and §16-56-116.

2

4.    Defendant Prairie SNF Operations, LLC, ("Prairie SNF Operations") is a domestic limited liability company with its principal office in Alexandria, Louisiana, and may be served through its registered agent: Amy M. Wilbourn, 4375 N. Vantage Dr., Suite 405, Fayetteville, AR 72703. Defendant Prairie SNF Operations owns, operates, manages, held the licensing for and/or had maintained control of Des Arc Nursing and Rehabilitation Center, in Des Arc, Arkansas, which has a rehabilitation and skilled nursing facility offering services through a clinical care team of physicians, physician assistants, and/or nurse practitioners, registered and licensed vocational nurses, skilled nurses, physical therapists, occupational therapists, speech therapists, a dietician, dietary staff, social workers, certified nurse's aides, recreation staff, consulting pharmacists, and other supportive staff members. For all times relevant herein and for pleadings hereafter, the facility owned and operated by Defendant Prairie SNF Operations will be referred to as "Des Arc Nursing and Rehabilitation Center." Whenever it is alleged herein that Des Arc Nursing and Rehabilitation Center or Defendant Prairie SNF Operations did any act or failed to do any act, it is also meant that its agents, employees, ostensible agents, agents by estoppel, and/or

3

representatives including, but not limited to, nurses, aides, physician assistants, doctors, and other caregivers and employees, did such a thing or failed to do such a thing and that at the time such an act or omission occurred, the event occurred (a) with Defendant Prairie SNF Operations' authorization, (b) within the normal course of the agency with, employment with, or representation of Defendant Prairie SNF Operations, and/or (c) as if the employees, agent, or representative were operating in the course and scope of their employment/agency/representative relationship with Defendant Prairie SNF Operations.

5.     Defendants JOHN and JANE DOES 1-20, individuals corporations, limited liability companies or other entities, are the currently unknown medical, nursing, and other healthcare providers, owners, managers, consultants, insurers, and employees or agents of all said Defendants, entities and individuals, charged with caring for and treating Samuel Tucker, at Des Arc Nursing and Rehabilitation Center in Des Arc, Arkansas, or owning, operating, controlling, insuring, or managing the above named entity-defendants or unknown entities on the relevant dates of admission through Mr. Tucker's death. Plaintiff has attached as **Exhibit 2** the affidavit of Plaintiff's attorney attesting that the

4

identities of JOHN and JANE DOES A-Z are unknown pursuant to ARK. CODE ANN. § 16-56-125.

6.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit. Defendants are liable to Plaintiff for all damages alleged in this matter in their capacity as the owners, operators, licensee(s), and/or managers of Des Arc Nursing and Rehabilitation Center during the residency of Samuel Tucker, and to include his death.

7.     Defendants controlled, or had the right to control, the operation, planning, management and quality control of the facility known as Des Arc Nursing and Rehabilitation Center. The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the facility, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

8.     The substantial facts giving rise to this action occurred in Prairie County, Arkansas.

9.     This is the proper venue for this action, and this Court has jurisdiction over the parties and the subject matter herein.

10.    Plaintiff's causes of action include negligence and negligence as defined by the Arkansas Medical Malpractice Act, A.C.A. §16-114-201.

## FACTUAL ALLEGATIONS

11.    Samuel Tucker began his residency at Des Arc Nursing and Rehabilitation Center in 2020 and remained a resident until April 20, 2021 when he was transferred to VA John McClellan (Central Arkansas Veterans Healthcare System). He died on May 2, 2021.

12.    The Defendants were aware of Samuel Tucker's medical condition and the level of care that he required when the Defendants represented that they could adequately care for his needs.

13.    Des Arc Nursing and Rehabilitation Center held itself out to the Arkansas Department of Human Services ("DHS") and the public as being:

6

a. Skilled in the performance of nursing, rehabilitative and other medical support services;

b. Properly staffed, supervised and equipped to meet the total needs of their nursing home residents;

c. Able to specifically meet the total nursing home, medical, and physical therapy needs of Mr. Tucker and other residents like him; and

d. Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

14.     Defendants failed to discharge their obligations of care to Samuel Tucker with a conscious disregard for his rights and safety. At all times mentioned herein, Defendants, through their officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Samuel Tucker, as more fully set forth below. Defendants knew that their facility could not provide the minimum standard of care to its weak and vulnerable residents. The severity of the recurrent negligence

7

inflicted upon Samuel Tucker while under the care of the facility accelerated the

deterioration of his health and physical condition and resulted in the physical and

emotional injuries described below:

      a.  Dehydration

      b.  Skin tears

      c.  Pressure sores

      d.  Uncontrolled pain

      e.  Infections and gangrene

      f.  Severe pain and suffering

      g.  Social and emotional isolation

      h.  Death

The above-identified injuries, as well as the conduct specified below, caused

Samuel Tucker to lose his personal dignity and to suffer extreme and unnecessary

pain and suffering, degradation, mental anguish, distress, otherwise unnecessary

hospitalizations and treatment, emotional trauma and eventually caused his death.

      15.    Defendants controlled the operation, planning, management and

quality control of Des Arc Nursing and Rehabilitation Center. The authority

8

exercised over the nursing facility included without limitation budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by Des Arc Nursing and Rehabilitation Center, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by the Defendants.

16.     Defendants operated and managed Des Arc Nursing and Rehabilitation Center so as to maximize profits and/or income by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their action caused staffing levels at the facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high nurse/resident ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions. All of these acts of malfeasance directly caused injury to

9

Samuel Tucker and other residents of Des Arc Nursing and Rehabilitation Center and were known to the Defendants.

17.    The acts and omissions of the Defendants were motivated by a desire to increase the profitability by reducing the required expenditures for staffing, training, supervision and care to levels that would predictably lead to severe injury.

18.    Plaintiff alleges that during his residency at Des Arc Nursing and Rehabilitation Center, Samuel Tucker was under the care, supervision and treatment of the Defendants and that the injuries complained of were proximately caused by the acts and omissions of the Defendants.

19.    Defendants had vicarious liability for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing or contributing to Samuel Tucker's injuries.

## CAUSES OF ACTION

### COUNT 1 – NEGLIGENCE

10

20.     Plaintiff incorporates herein all of the allegations contained in the preceding paragraphs as if fully set forth herein.

21.     Defendants owed a non-delegable duty to their residents, including Samuel Tucker, to provide adequate and appropriate custodial care and supervision, which a reasonably careful person would provide under similar circumstances.

22.     Defendants owed a non-delegable duty to their residents, including Samuel Tucker, to exercise reasonable care in providing care and services in a safe and beneficial manner.

23.     Defendants owed a non-delegable duty to their residents, including Samuel Tucker, to hire, train and supervise employees to deliver care and services to residents in a safe and beneficial manner.

24.     Defendants breached these duties by failing to exercise reasonable care and by failing to prevent the neglect of Samuel Tucker. The negligence of Defendants includes, but is not limited to, the following acts and omissions:

11

a. The failure to ensure that Samuel Tucker attained and maintained his highest level of physical, mental, and psychosocial well-being;

b. The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of Samuel Tucker;

c. The failure to provide care, treatment and medication in accordance with physician's orders;

d. The failure to provide care, treatment and medication in accordance with established standards and pursuant to the Defendants' own policies and procedures including failure to protect residents from infections, failure to prevent infections, and failure to properly address and provide care and treatment to residents suffering from infections;

e. The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified

nurse assistants and medication aides to meet the total needs of Samuel Tucker throughout his residency;

f. The failure to adequately screen, evaluate, and check references, test for competence and use ordinary care in selecting nursing personnel to work at Des Arc Nursing and Rehabilitation Center;

g. The failure to terminate employees at Des Arc Nursing and Rehabilitation Center assigned to Samuel Tucker who were known to be careless, incompetent and unwilling to comply with the policies and procedures of Des Arc Nursing and Rehabilitation Center and the rules and regulations promulgated by the Arkansas Department of Human Services and the Office of Long Term Care;

h. The failure to assign nursing personnel at Des Arc Nursing and Rehabilitation Center duties consistent with their education and experience based on:

a. Samuel Tucker's medical history and condition, nursing and rehabilitative needs;

b. The characteristics of the resident population residing in the area of the facility where Samuel Tucker was a resident; and

c. The nursing skills needed to provide care to such resident population.

i. The failure by the members of the governing body of Des Arc Nursing and Rehabilitation Center to discharge their legal and lawful obligation by ensuring that the rules and regulations designed to protect the health and safety of residents, such as Samuel Tucker, as promulgated by the Arkansas Department of Human Services and the Arkansas Office of Long Term Care, were consistently complied with on an ongoing basis; and ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

14

j.  The failure to adopt adequate guidelines, policies, and procedures of Des Arc Nursing and Rehabilitation Center for documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at Des Arc Nursing and Rehabilitation Center, regardless of whether such complaint derived from a resident of the facility, an employee of the facility or any interested person;

k.  The failure to maintain medical records on Samuel Tucker in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible and systematically organized with respect to diagnosis, treatment and assessment and establishment of appropriate care plans of care and treatment;

l.  The failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of residents;

m. The failure to adequately and appropriately monitor Samuel Tucker;

n. The failure to adequately and appropriately provide pressure relief to Samuel Tucker to prevent the development and progression of pressure injuries;

o. The failure to adequately and appropriately care plan for Samuel Tucker to prevent the development and progression of pressure injuries; and

p. The failure to adequately and appropriately provide care to Samuel Tucker to prevent the development and progression of infections or the aspiration of food and/or vomit.

25.     The Defendants were further negligent by infringing upon and depriving Samuel Tucker of the rights guaranteed by Ark. Code Ann. §§ 20-10-1201, *et seq.*, including, but not limited to, the following:

a. The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and

16

therapeutic and rehabilitative services consistent with the resident care plan for Samuel Tucker, with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights including (1) the right to receive adequate and appropriate custodial service, defined as care for Samuel Tucker which entailed observation of diet and sleeping habits and maintenance of a watchfulness over his general health, safety, and well-being and (2) The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Samuel Tucker or his designee or legal representative, which included a comprehensive assessment of the needs of Samuel Tucker, a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b. The right to regular, consultative, and emergency services of physicians;

c.  The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d.  The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Samuel Tucker, and not directly furnished by the licensee;

e.  The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f.  The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g.  The right to be free from mental and physical abuse, and from physical and chemical restraints;

h.  The right of Samuel Tucker to have privacy of his body in treatment and in caring for his personal needs;

i.   The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j.   The right to participate in social, religious, and community activities;

k.   The right to the obligation of the facility to keep full records of the admissions and discharges of Samuel Tucker and his medical and general health status, including (1) medical records, (2) social and personal history, and (3) individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals;

l.   making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

m.  the right to be treated courteously, fairly, and with the fullest measure of dignity.

26.     A reasonably careful nursing home operating under similar circumstances would foresee that the failure to provide the ordinary care listed above would result in devastating injuries and death to Samuel Tucker.

27.     Defendants further breached their duties of care to Samuel Tucker by violating certain laws and regulations in force in the State of Arkansas at the time of the occurrences discussed herein including, but not limited to, the following:

a.   By failing to comply with rules and regulations promulgated by the Arkansas Department of Human Services, Division of Social Services, Office of Long-Term Care, pursuant to authority expressly conferred by Act 28 of 1979 (Ark. Code Ann. § 20-10-202, et seq.) and published in the Long-Term Care (LTC) Provider Manual on April 8, 1984, and the supplements thereto, and federal minimum standards imposed by the United States Department of Health and Human Services;

b.  By failing to provide the necessary care and services to attain or maintain the highest practicable, physical, mental and psychosocial well-being of Samuel Tucker in accordance with the comprehensive assessment and plan of care;

c.  By failing to ensure a nursing care plan based on Samuel Tucker's problems and needs was established that contained measurable objectives and timetables to meet his medical, nursing, and mental and psychosocial needs as identified in his comprehensive assessment;

d.  By failing to provide sufficient nursing staff and nursing personnel to ensure that Samuel Tucker attained and maintained his highest practicable physical, mental and psychosocial well-being;

e.  By failing to review and revise Samuel Tucker's nursing care plan when his needs changed and by failing to notify the family and physician of Samuel Tucker of a need to alter his treatment significantly;

f.  By failing to treat Samuel Tucker courteously, fairly and with
the fullest measure of dignity;

g.  By failing to administer the facility and staff in a manner that
enabled it to use its resources effectively and efficiently to
attain or maintain the highest practicable physical, mental and
psychosocial well-being of each resident; and

h.  By failing to provide care, treatment and medication to Samuel
Tucker in accordance with established standards and pursuant
to the Defendants' own policies and procedures including
failure to protect Samuel Tucker from infections, failure to
prevent infections, and failure to properly address and provide
care and treatment to residents, such as Samuel Tucker,
suffering from infections.

28.     A reasonably prudent nursing home, operating under the same or
similar conditions, would not have failed to provide the care listed above. Each of
the foregoing acts of negligence on the part of the Defendants was a proximate
cause of Samuel Tucker's injuries and death as more specifically described

herein, which were all foreseeable and caused his untimely death. Samuel Tucker suffered personal injuries, including pain and suffering, hospitalizations, mental anguish, degradation, disability, emotional distress, and loss of personal dignity, which caused his family to suffer more than normal grief upon his death. Plaintiff prays for compensatory damages against Defendants for the personal injuries caused to Samuel Tucker, and to include his loss of life, and the wrongful death of Samuel Tucker, including the grief suffered as well as the expenses of funeral and other related expenses.

29.     Defendants knew, or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or death to Samuel Tucker. Yet, Defendants continued such conduct in reckless disregard of the consequences, from which malice may be inferred. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, hospitalizations, mental anguish, degradation, disability, emotional distress, loss or personal dignity, loss of life and

23

related expenses, and wrongful death in an amount to be determined by the jury,

but in excess of the minimum jurisdictional limits of this Court and exceeding that

required for federal court jurisdiction in diversity of citizenship cases, plus costs

and all other relief to which Plaintiff is entitled by law.

## COUNT II – NEGLIGENCE AS DEFINED BY THE ARKANSAS MEDICAL MALPRACTICE ACT, ARK. CODE ANN. §§ 16-114-201 *et seq.*

30.     Plaintiff incorporates herein all of the allegations contained in the

preceding paragraphs as if fully set forth herein.

31.     Defendants are either medical care providers as defined by ARK.

CODE ANN. § 16-114-201(2) and/or are liable for medical care providers as

defined by ARK. CODE ANN. § 16-114-201(2).

32.     Defendants owed a non-delegable duty to residents, including

Samuel Tucker, to use reasonable care in treating their residents with the degree

of skill and learning ordinarily possessed and used by nursing home facilities and

affiliated health care providers in the same or similar locality.

24

33.     Defendants owed a non-delegable duty to ensure and assist all residents, including Samuel Tucker, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

34.     Defendants failed to meet the applicable standards of care and violated their duty of care to Samuel Tucker through their negligence. Defendants failed to adequately train and supervise nurses and aides and failed to hire sufficient nurses and aides. As such, the nurses and aides were unable to provide Samuel Tucker the requisite care, and as a result, acts of professional negligence occurred as set forth in this paragraph. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions:

a.  Failure to provide sufficient nursing and other staff that was properly qualified and trained;

b.  Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Samuel Tucker;

c.  Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

d.  Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

e.  Failure to establish, publish and/or adhere to policies for nursing and other personnel concerning the care and treatment and monitoring of residents with nursing, medical and psychosocial needs similar to those of Samuel Tucker;

f.  Failure to ensure that Samuel Tucker received adequate and proper supervision;

g.  Failure to monitor or increase the number of nursing or personnel at the facility to ensure that Samuel Tucker received necessary supervision, timely and accurate care assessments, received proper treatment, received timely custodial

26

intervention due to a significant change in condition, and was
protected from accidental injuries by the correct use of ordered
and reasonable safety measures;

h.  Failure to provide adequate training and supervision to the
nursing staff and facility personnel to ensure that Samuel
Tucker received adequate and proper supervision, and
sufficient nursing observation and examination of the
responses, symptoms, and progress in the physical condition of
Samuel Tucker;

i.  Failure to adequately screen, evaluate, and check references,
test for competence and use ordinary care in selecting nursing
and other personnel to work at the facility;

j.  Failure to document and maintain medical records on Samuel
Tucker in accordance with accepted professional standards and
practices that are complete, accurately documented, readily
accessible and systematically organized with respect to

diagnosis, treatment and assessment and establishment of appropriate care plans of care and treatment; and

k.  Failure to properly in-service and orient employees to pertinent patient care needs to maintain the safety of residents.

35.    Defendants failed to meet the applicable standards of care and violated the duty of care to Samuel Tucker through mistreatment, abuse and neglect by failing to ensure that Samuel Tucker received all rights set forth in the Arkansas Resident Right's Act, Arkansas Code Annotated §§ 20-10-1201, *et seq.*, as more fully set forth below in Count III, which is incorporated here by reference.

36.    A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed in the above Complaint. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Samuel Tucker's injuries, which were all foreseeable, and caused his untimely death. Samuel Tucker suffered personal injury, including pain and suffering, hospitalizations, mental anguish, disability, degradation, emotional distress, and loss of personal dignity, which caused his family to suffer

28

more than normal grief upon his death. Plaintiff prays for compensatory damages against Defendants for the personal injuries caused to Samuel Tucker and to include his loss of life, the wrongful death of Samuel Tucker including the grief suffered as well as the expenses of funeral and other related costs.

37.     Defendants were negligent and reckless in breaching the duties owed to Samuel Tucker under the Medical Malpractice Act for the reasons specifically enumerated in this Complaint.

38.     Defendants knew, or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or death to Samuel Tucker. Yet, Defendants continued such conduct in reckless disregard of the consequences, from which malice may be inferred. As a direct and proximate result of such grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Samuel Tucker suffered injuries as described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants, including, but not limited to, medical expenses, pain and suffering, hospitalizations, mental anguish, disability, degradation, loss of personal dignity, emotional distress, loss of life and related

29

expenses, and wrongful death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT III – CLAIM FOR MEDICAL NEGLIGENCE AND NEGLIGENCE BASED ON LIABILITY OF THE LICENSEE(S) OF DES ARC NURSING AND REHABILITATION CENTER FOR VIOLATIONS OF THE LONG-TERM CARE FACILITY RESIDENTS ACT, ARKANSAS CODE ANNOTATED §§ 20-10-1201 *et seq.*

39.     Plaintiff incorporates herein all of the allegations contained in the preceding paragraphs as if fully set forth herein.

40.     Among the Defendants, the licensee(s) of Des Arc Nursing and Rehabilitation Center had statutorily-mandated duties to provide Samuel Tucker basic, nursing home resident's rights as set forth in the Protection of Long-Term Care Facility Residents Act, Arkansas Code Annotated §§ 20-10-1201, *et seq.*

41.     The Protection of Long-Term Care Facility Residents Act mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will

30

ensure safe, adequate, and appropriate care, treatment, and health of residents, like

Samuel Tucker.

42.     The Protection of Long-Term Care Facility Residents Act

mandates every licensed facility shall comply with all applicable standards and

rules of the Office of Long-Term Care of the Arkansas Department of Human

Services.

43.     The statutory duties imposed upon the facility licensee(s) to

prevent deprivation of infringement of the resident's rights of Samuel Tucker

were non-delegable. Thus, among the Defendants, the licensee(s) is directly liable

to Plaintiff for any deprivation and infringement of Samuel Tucker's resident's

rights occurring as a result of their own action or inaction, and as a result of the

action or inaction of any other person or entity, including employees, agents,

consultants, independent contractors and affiliated entities, whether in-house or

outside entities, individuals, agencies or pools, as well as any deprivation and

infringement of Samuel Tucker's resident's rights caused by Defendants' policies,

procedures, whether written or unwritten, and common practices and failure to

train, implement, and/or enforce such policies, procedures, and common practices.

31

44.     Any person or entity acting as an employee or agent of Des Arc Nursing and Rehabilitation Center assumed and undertook to perform the non-delegable and statutorily-mandated duties of the licensee(s) to provide Samuel Tucker his nursing home resident's rights as set forth in Arkansas Code Annotated §§ 20-10-1201, et seq. in the operation and management of Des Arc Nursing and Rehabilitation Center.

45.     Notwithstanding the responsibility of the licensee(s) to protect and provide for these statutorily-mandated, nursing home resident's rights, Defendants infringed upon, and Samuel Tucker was deprived of, rights mandated by Arkansas Code Annotated §§ 20-10-1201, et seq. including, but not limited to, the following:

a.  The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Samuel Tucker's designee or legal representative, which included a comprehensive assessment of the needs of Samuel Tucker, a

listing of services provided within or outside the facility to

meet those needs, and an explanation of service goals;

b. The right to appropriate observation, assessment, nursing

diagnosis, planning, intervention, and evaluation of care by

nursing staff;

c. The right to a facility with its premises and equipment, and

conduct of its operations maintained in a safe manner; and

d. The right to the obligation of the facility to keep full medical

records, records of care plans, records of his medical and

general health status.

46.    The aforementioned infringement and deprivation of the rights of

Samuel Tucker were the result of Defendants failing to do that which a reasonably

careful person would do under similar circumstances.

47.    As a direct and proximate result of the aforementioned violations,

Samuel Tucker suffered injuries and death as described herein. Plaintiff, pursuant

to A.C.A. § 20-10-1209(a)(4), asserts a claim to recover damages against the

licensee(s) of the facility. The Plaintiff asserts a claim for judgment for damages,

including, but not limited to, medical expenses, pain and suffering, hospitalization, mental anguish, degradation, disability, emotional distress, loss of personal dignity, loss of life and related expenses, and wrongful death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

48.    The infringement or deprivation of the resident's rights of Samuel Tucker by Defendants was willful, wanton, gross, flagrant, reckless, or consciously indifferent. Pursuant to Arkansas Code Annotated § 20-10-1209(c), Plaintiff is entitled to recover punitive damages against the licensee(s) of the facility.

### COUNT IV – VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

49.    Plaintiff incorporates herein all of the allegations contained in the preceding paragraphs as if fully set forth herein.

50.    Defendants' conduct in this case constitutes deceptive and unconscionable trade practices and is unlawful and prohibited pursuant to ARK. CODE ANN. § 4-88-107. This conduct includes:

    a.  Knowingly taking advantage of a consumer who is reasonably unable to protect his or her interest because of a physical infirmity or a similar factor;

    b.  Knowingly making a false representation as to the characteristics, standard, or quality of goods or services; and

    c.  Concealing, suppressing, or omitting material facts with the intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services.

51.    Defendants' conduct in this case as set forth herein also constitutes an unconscionable action against an elderly and disabled person in that such conduct was in disregard of the rights of Samuel Tucker.

52.    Samuel Tucker suffered substantial physical, emotional, and economic damages and mental anguish, loss of life, and wrongful death resulting

from the Defendants' conduct, all constituting a violation and cause of action pursuant to ARK. CODE ANN. § 4-88-204.

## DAMAGES

53.     Plaintiff incorporates herein all of the allegations contained in the preceding paragraphs as if fully set forth herein.

54.     As a proximate result of the actions of Defendants as more specifically alleged herein, Samuel Tucker suffered a wrongful and untimely death. Vickie Waymack, as Administrator of the Estate of Samuel Tucker, is entitled to damages on behalf of the Estate for the reasonable value of funeral expenses, medical bills and other costs.  Additionally, the Estate is entitled to damages for the mental anguish sustained by the statutory heirs and wrongful death beneficiaries of Samuel Tucker.

55.     Plaintiff is further entitled to punitive damages as alleged herein.

## JURY DEMAND

56.     Plaintiff demands trial by jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Vickie Waymack as Administrator of the Estate of Samuel Tucker and on behalf of her father's estate and the wrongful death beneficiaries of Samuel Tucker prays for judgment against Defendants and for the following:

1. For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained;

2. For all general and special damages caused by the alleged conduct of Defendants;

3. For costs of litigating this case, including attorney's fees and costs;

4. For punitive damages sufficient to punish Defendants for egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Samuel Tucker and his statutory beneficiaries and to deter Defendants and others from repeating such misconduct;

5. For all other relief to which Plaintiff is entitled.

Respectfully Submitted By,
PLAINTIFF VICKIE WAYMACK

By her attorneys,
Mann & Kemp, PLLC
221 W. 2nd Street, Suite 408
Little Rock, Ark. 72201
Phone: (501) 222-7378
Fax: (888) 711-0660

/s/ Harrison Kemp
Harrison Kemp ASCN 08307
Email: harrison@mannkemp.com

-and-

Bear State Law, PLLC
1012 W. 2nd Street
Little Rock, Ark. 72201
Phone: (501) 376-7939
Fax: (877) 319-7939

/s/ Thomas L. Barron
Thomas L. Barron ASCN 84007
Email: tom@bearstatelaw.com

ELECTRONICALLY FILED
White County Circuit Court - Probate Division
Carla L. Barnett, County Clerk
2022-Apr-13  15:22:29
73PR-22-112
C17D01 : 4 Pages

## CIRCUIT COURT OF WHITE COUNTY, ARKANSAS
## PROBATE DIVISION

IN THE MATTER OF THE ESTATE
OF SAMUEL TUCKER, DECEASED            CASE NO. 73PR-22-112

### ORDER APPOINTING SPECIAL ADMINISTRATOR
### AND APPROVING CONTRACT

On this day came on the petitioner's petition for appointment of special administrator and for approval of contract. Based on the verified petition, the Court hereby finds and orders as follows:

1.     No demand for notice of proceedings for the appointment of a personal representative have been filed herein, and this petition is not opposed by any known person and may be heard and decided forthwith.

2.     The decedent, Samuel Tucker, aged eighty-three (88), who resided at 116 Forbes Drive, Bald Knob, Arkansas 72010, died intestate on May 2, 2021. The decedent's surviving spouse and heirs at law of the decedent, and their respective ages, relationships to the decedent, and residence addresses are as follows:

| Name | Age | Relationship | Address |
|------|-----|--------------|---------|
| Clara Tucker | Adult | Wife | 116 Forbes Drive Bald Knob, Arkansas |
| Adred Murray | Adult | Daughter | 3657 Highway 157 Judsonia, Arkansas |
| Vickie Waymack | Adult | Daughter | 235 Archer Rd. Beebe, Arkansas |

**EXHIBIT
1**

| Patricia Hall | Adult | Daughter | 122 E. Forbes Drive |
| | | | Bald Knob, Arkansas |

3.      The probable value of the estate of the decedent is as follows:

Real Property                       $   0.00

Personal Property               $   Over $1,000.00*

*The decedent died with a contingent legal action, the value of which is unknown at the time of filing this Petition.

4.      This Court has jurisdiction and venue properly lies in White County.

5.      There is no general administration of the decedent's estate pending.

6.      A significant asset of the Estate is the potential benefits from possible legal action to be pursued by the Estate on behalf of the Estate and the wrongful death beneficiaries of the Decedent.  The employment agreement attached to the petition as Exhibit A should be and hereby is approved.

7.      Vickie Waymack, whose address is 235 Archer Road, Beebe, Arkansas 72010, should be, and hereby is, appointed as Special Administrator of the Estate of Samuel Tucker.  The nominee is qualified to be so appointed because she is of sound mind and is not convicted of any felony under the laws of the State of Arkansas or the United States or of any territory of the United States.  Petitioner is qualified under Ark. Code Ann. § 28-48-101 to serve as personal representative of the Estate.  Petitioner is appointed for the limited purpose of investigating and prosecuting any and all claims which the Estate of Decedent, and his statutory wrongful death beneficiaries, may have arising out of nursing home neglect and death suffered by Samuel Tucker and for the purpose of employing an attorney to handle the investigation and prosecution of such claims.

IT IS THEREFORE ORDERED, CONSIDERED, DECREED AND ADJUDGED, that:

1.      The special administration of the Estate of Samuel Tucker be opened.

2.      Vickie Waymack is appointed special administrator of the Estate of Samuel Tucker for the limited purpose of investigating and prosecuting any and all claims which the Estate of Decedent, and his statutory wrongful death beneficiaries, may have arising out of nursing home neglect and death suffered by Samuel Tucker and for the purpose of employing an attorney to handle the investigation and prosecution of such claims.

3.      Letters of Administration shall be issued to said special administrator without the requirement of bond.

4.      Upon completion of the duties set forth herein, the special administrator shall immediately make a full report of her actions and the condition and affairs of this Estate to the Court.

IT IS SO ORDERED.

_____

CIRCUIT JUDGE


_____

DATE

Prepared by:


 /s/ Harrison Kemp_____

Harrison Kemp, A.B.A. # 08307

Mann & Kemp, PLLC

221 W. 2nd Street, Suite 408

Little Rock, AR 72201

Phone: (501) 222-7378

Fax: (888) 711-0660

harrison@mannkemp.com



Arkansas Judiciary

**Case Title:**      SAMUEL TUCKER

**Case Number:**   73PR-22-112

**Type:**            ORDER APPOINT PERS REPRESENT

So Ordered

Honorable Daniel C. Brock, 17th
Judicial Circuit, Division 1

Electronically signed by DCBROCK on 2022-04-13 15:22:04    page 4 of 4

CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS
_____ DIVISION

VICKIE WAYMACK, INDIVIDUALLY AND
AS THE ADMINISTRATOR
OF THE ESTATE OF SAMUEL TUCKER,
DECEASED                                                                 PLAINTIFF

v.                                      CIVIL CASE NO. _____

PRAIRIE SNF OPERATIONS, LLC; and
JOHN AND JANE DOES 1-20                                        DEFENDANTS

### AFFIDAVIT

COMES NOW the undersigned who, after being duly sworn, solemnly

swears that the following facts and information are true and correct to the best of

my knowledge and belief:

1.      I am one of the attorneys who represents the Plaintiff in the above-

captioned case.

2.      Defendants John and Jane Doe 1-20 are individuals, corporations,

limited liability companies or other entities either providing care and services to

Samuel Tucker while he was a resident of Des Arc Nursing and Rehabilitation



EXHIBIT
2

Center or are directly or vicariously liable for the injuries of Samuel Tucker during said residency. Plaintiff is currently unable to identify these unknown defendants, despite diligent efforts, but may discover such identities upon further investigation. Pursuant to Ark. Code Ann.§ 16-56-125, said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services provided to Samuel Tucker during his residency at Des Arc Nursing and Rehabilitation Center.

3.      After diligent inquiry, I do not know the identities of Defendants John and Jane Doe 1-20. In addition, neither co-counsel for Plaintiff nor my clients know the identities of Defendants John and Jane Doe 1-20.

4.      Upon determining the identity of the unknown parties, I will timely amend the complaint by substituting the true names of Defendants John and Jane Doe 1-20.

5.      This Affidavit is filed in accordance with Ark. Code Ann.§ 16-56-125.

FURTHER AFFIANT SAYETH NAUGHT.

Harrison Kemp ASCN 08307
Mann & Kemp, PLLC
Attorney for Plaintiff

**VERIFICATION**

STATE OF ARKANSAS            §
                            §§
COUNTY OF PULASKI            §


      SUBSCRIBED TO AND SWORN to before me, a Notary Public, on this 29th day of August 2022.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:
_____

OFFICIAL SEAL
KARLEY E ALTAZAN
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
COMMISSION NUMBER 12401037
MY COMMISSION EXPIRES AUGUST 27, 2024

THE CIRCUIT COURT OF PRAIRIE COUNTY, ARKANSAS
CIVIL DIVISION

<u>VICKIE WAYMACK</u>
Plaintiff

v.                                    No. __59ncv-22-31__

<u>PRAIRIE SNF OPERATIONS, LLC, et al</u>
Defendant

### SUMMONS

***THE STATE OF ARKANSAS TO DEFENDANT:***

PRAIRIE SNF OPERATIONS, LLC
c/o Amy M. Wilbourn
4375 N. Vantage Drive, Suite 405
Fayetteville, Ark. 72703

---

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Mann & Kemp, PLLC, Harrison Kemp, 221 W. 2nd Street, Suite 408, Little Rock, Arkansas 72201; harrison@mannkemp.com

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

***Additional Notices Included:*** _____
(None)

CLERK OF COURT

Address of Clerk's Office

200 courthouse Square
      Suite #104

Desarc, AR. 72040

[Signature of Clerk or Deputy C~~lerk~~]

Date: __9-2-2022__

[SEAL]

No. _____ *This summons is for* _____ *(name of Defendant).*

### PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to
the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on
_____ [date] I left the summons and complaint in the close proximity of
the defendant by _____ [describe how the
summons and complaint was left] after he/she refused to receive it when I offered it to
him/her; or

☐ On _____ [date] I left the summons and complaint with
_____, a member of the defendant's family at least 18 years of age, at
_____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____
[name of individual], an agent authorized by appointment or by law to receive service of
summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address],
where the defendant maintains an office or other fixed location for the conduct of
business, during normal working hours I left the summons and complaint with
_____

[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

***To be completed if service is by a sheriff or deputy sheriff:***

Date: _____   SHERIFF OF _____ COUNTY, ARKANSAS

By: _____

     [signature of server]

_____

     [printed name, title, and badge number]

***To be completed if service is by a person other than a sheriff or deputy sheriff:***

Date: _____

By: _____

     [signature of server]

_____

     [printed name]

Address: _____

     Phone: _____

Subscribed and sworn to before me this date: _____

     Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____